No. 02-174

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 42N

CHAD J. ARMSTRONG, FOREST J.
ARMSTRONG and JAMES F. ARMSTRONG,

      Plaintiffs and Respondents,

    v.

JOHN C. VON BERGEN and
HERBERT C. VON BERGEN,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Fifth Judicial District,
                  In and For the County of Madison, Cause No. DV-29-00-38,
                  Honorable Loren Tucker, Presiding

COUNSEL OF RECORD:

      For Appellants:

      Lee Bruner, Poore, Roth & Robinson, P. C., Butte, Montana

      For Respondents:

      Jack Morris, Jardine & Morris, Whitehall, Montana

Submitted on Briefs:  October 3, 2002

Decided:  March 11, 2003

Filed:

_____
                          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    John and Herbert Von Bergen appeal from the findings of fact, conclusions of law and judgment of the Fifth Judicial District Court, Madison County, determining that an easement across their property was established by adverse possession. We affirm the judgment of the District Court.

¶2    Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine the issues are factual and there clearly is sufficient evidence to support the District Court's findings of fact. Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶3    Von Bergens contend that Respondents, the Armstrongs, did not present clear and convincing evidence of adverse use prior to their purchase of the property and that, absent such a showing, their use was permissive. Von Bergens point to the testimony of multiple witnesses establishing that, over a 30-year period, the Von Bergens and the various owners of the Edwards Homestead agreed to permissive use–in particular, the testimony of the Von Bergens themselves, their conversations with Shaw and Bausch, the testimony of the ranch foreman for the Shaws and the testimony of the real estate agent for Bausch.

¶4    In arguing that their use was adverse rather than permissive, the Armstrongs point to the testimony of Bausch's partner and associate, Joe Vujovich.  Further, the District Court heard testimony contradicting Herbert Von Bergen's testimony that Frank Shaw asked for permission to use the road.  In particular, Dorothy Shaw, widow of Frank Shaw and a previous owner of the Edwards' Homestead, testified that her husband did not request the Von Bergens' permission to cross their land because the Shaw family had been using the Pole Canyon Road without permission for over forty years.

¶5    As is apparent from the parties' positions, there was conflicting testimony as to whether the Armstrongs had established adverse use.  In resolving the conflicting testimony, the District Court had to judge the credibility of the witnesses.  Here, the District Court found that Armstrongs made use of the road for more than five years, asserted rights hostile to the rights of the owners, and brought their claims to the attention of the owners.  Further, the court found that Armstrongs' claims are exclusive to themselves; that they claim as a matter of right and not as a matter of privilege or license; and finally, that Armstrongs have made continuous and uninterrupted use of the road for the requisite period of time.

¶6    We review conclusions of law to determine whether the District Court's interpretation of the law is correct. *Public Lands Access v. Boone & Crockett* (1993), 259 Mont. 279, 283, 856 P.2d 525, 527.  We have also explained that it is within the province of the trier of fact to weigh the evidence and assess the credibility of witnesses, and we will not second-guess those determinations. Moreover, we will uphold a district court's findings when there is

3

substantial evidence to support them even when there is also evidence supporting contrary findings. *Rafanelli v. Dale* (1996), 278 Mont. 28, 33, 924 P.2d 242, 245-46.

¶7     The burden of proof in prescriptive easement cases is that of clear and convincing evidence and rests with the party claiming the easement. *See Wareing v. Schreckendgust* (1996), 280 Mont.196, 206, 930 P.2d 37, 43.

¶8     We conclude that the District Court's decision was grounded in the record and its judgment of the witnesses' credibility.  Further, its findings of fact are supported by substantial evidence.  The District Court properly determined that the Armstrongs' use was adverse and not permissive.

¶9     Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE

4